FILED
IN CLERKS OFFICE
U.S. DISTRICT CO'''' '' N.Y:

★ OCT 1 0 2003 ★

P.M. _____

TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X

Michael Spinner et *alia*,

                Plaintiffs,

      - against -

City of New York et *alia*,

                Defendants.

----------------------------------------------X

CV-01-2715 (CPS)

MEMORANDUM
AND ORDER

SIFTON, Senior Judge.

In these consolidated actions, plaintiffs assert claims on behalf of themselves and others similarly situated against defendant municipality and municipal officials. Presently before the Court is plaintiffs' motion for class certification and for a preliminary injunction.[1] For the reasons set forth below, plaintiffs' motion for class certification is granted.[2]

BACKGROUND

The following facts are undisputed except where noted. They are taken from the submissions of the parties in connection with the present motion.

---

[1] Plaintiffs have withdrawn their motion to consolidate this action with three other actions raising similar claims (*Habrout v. City of New York*, 02 CV 1039; *Knopke v. City of New York*, 01 CV 8264; and *Micciulli v. City of New York*, 02 CV 2899), in light of a compromise reached with defendants on the terms of a consolidated complaint. Plaintiffs request leave to file the amended complaint. Since there is no objection from defendants, leave to file the consolidated complaint is granted.

[2] Plaintiffs also moved prematurely for a preliminary injunction on behalf of the class they were not then certified to represent. As discussed at oral argument, that motion is denied without prejudice to its renewal on notice now that named plaintiffs are certified to represent the class.

- 2 -

This is a putative class action challenging conditions
of detention and confinement at the New York City Police
Department's Brooklyn Central Booking Facility ("Central
Booking").  Plaintiffs claim that for the three years preceding
the commencement of this action and continuing through to the
present, defendants have carried out a policy or practice of
systematically strip searching all pretrial detainees at Central
Booking, whether or not there exists any reasonable suspicion
that the detainees were concealing weapons or other contraband.
Plaintiffs also challenge what they allege to be unsafe,
inhumane, and unsanitary conditions at Central Booking.
Plaintiffs seek compensatory and punitive damages, declaratory
and injunctive relief, costs, and attorneys fees under 42 U.S.C.
§ 1983.

Plaintiffs, in their papers, defined the class as
follows:

> [A]ll persons who since 1998: (1) have been charged
> with misdemeanors or non-criminal offenses in Kings
> County; (2) who were detained at Brooklyn Central
> Booking; and (3) who were subjected to defendants'
> policy, practice and custom of strip searching
> arrestees (a) without reasonable suspicion that the
> arrestee is concealing a weapon or other contraband,
> and/or (b) in the presence of onlookers or members of
> the opposite sex.

(Consolidated Compl. ¶ 1.)  At oral argument on questioning of
plaintiffs' counsel by the Court, th class was redefined as
follows:

> THE COURT:  ... Now, you're saying everyone who went
> through central booking who was there because of having
> committed a misdemeanor or a non-criminal offense and

- 3 -

who was strip searched is within this class because the
defendants at this time, you say, had a policy,
practice and custom of searching people whether or not
they had a reasonable suspicion, whether or not they
had probable cause to search them.

MR. ISSEKS:  Yes, your Honor.

MR. CARDINALE:  Yes, that's the class.

(Tr. Feb. 6, 2003, at 6-7.)

Plaintiffs consist of twenty named representatives and
two plaintiffs proceeding individually but not representatively
who claim to have been strip searched at Central Booking after
being arrested for misdemeanors and before arraignment.
Defendants, having deposed the named plaintiffs, argue that some
plaintiffs may have been arrested on felonies, that the searches
in question were not all "strip searches."  Plaintiffs seek an
injunction barring improper strip searches at Central Booking as
well as compensatory and punitive damages.[3]

DISCUSSION

Federal Rule of Civil Procedure 23(a) sets forth the
requirements for class certification:

One or more members of a class may sue or be sued as
representative parties on behalf of all only if (1) the
class is so numerous that joinder of all members is
impracticable, (2) there are questions of law or fact
common to the class, (3) the claims or defenses of the
representative parties are typical of the claims or
defenses of the class, and (4) the representative

---

[3]    The named plaintiffs have also challenged the conditions at Central
Booking, claiming they are inhumane, unsanitary, and unsafe and seek compensatory
and punitive damages for being subjected to these conditions on their own behalf
but not apparently on behalf of the class as now defined.  Plaintiffs have
withdrawn their request for an injunction regarding conditions at Central Booking
in light of the fact that a consent decree concerning those conditions was
entered in the case of *Grubbs v. Safir*, No. 92-CV-2132 (S.D.N.Y.) (Chin, J.), and
has not yet expired.

- 4 -

parties will fairly and adequately protect the
interests of the class.

In addition, for a class action to be maintainable, it must
satisfy one of the subsections of Federal Rule of Civil Procedure
23(b).   Rule 23(b)(2) provides that a class action is
maintainable if "the party opposing the class has acted or
refused to act on grounds generally applicable to the class,
thereby making appropriate final injunctive relief or
corresponding declaratory relief with respect to the class as a
whole."   Rule 23(b)(3) provides that a class action is
maintainable if the Court finds "that the questions of law or
fact common to the members of the class predominate over any
questions affecting only individual members, and that a class
action is superior to other available methods for the fair and
efficient adjudication of the controversy."

The burden of establishing the criteria for class
certification is on the party seeking certification.   *Caridad v.
Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999); *In
re Industrial Diamonds Antitrust Litigation*, 167 F.R.D. 374, 378
(S.D.N.Y. 1996).   "In determining the propriety of a class
action, the question is not whether the plaintiff or plaintiffs
have stated a cause of action or will prevail on the merits, but
rather whether the requirements of Rule 23 are met."   *In re Visa
Check/Master Money Antitrust Litigation*, 280 F.3d 124, 133 (2d
Cir. 2001) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156,
178 (1974)).   In deciding a motion for class certification, the

- 5 -

Court must treat all of the allegations of the complaint as true. *Pecere v. Empire Blue Cross and Blue Shield,* 194 F.R.D. 66 (E.D.N.Y. 2000) (citing *Eisen,* 417 U.S. at 178).   Class certification should be granted if the court "is satisfied after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied."  *General Telephone Co. v. Falcon,* 457 U.S. 157, 161 (1982).   While class certification may be resolved on the pleadings, at times it is necessary to "probe behind the pleadings before coming to rest on the certification question." *Id.* at 160.   In the Second Circuit, "Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility" in deciding whether to grant certification.   *Marisol A. v. Giuliani,* 126 F.3d 372, 377 (2d Cir. 1997) (citing *Sharif ex rel. Salahuddin v. New York State Educ. Dep't,* 127 F.R.D. 84, 87 (S.D.N.Y. 1989)).

### Rule 23(a) Criteria

"Courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement."  *Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir. 1993).   However, "classes of approximately thirty-five to seventy persons have been certified by courts in the Second Circuit." *Dubin v. E.F. Hutton Group, Inc.,* 1990 WL 105757, at *2 (S.D.N.Y.) (collecting cases).   In support of their contention that the class is numerous enough to satisfy Rule 23(a), plaintiffs point out that there are twenty named representatives who while they were in detention, observed numerous other

- 6 -

individuals being subjected to the same treatment that forms a basis for their claims and infer that defendants had a blanket policy of strip searching detainees at Central Booking without regard to the reasonable suspicion requirement.  These facts and inferences taken together with the large number of arrestees who pass through Central Booking, they argue, satisfy the numerosity requirement.[4]  Defendants argue that the pleadings and depositions in this case do not support the existence of a class, since even the named plaintiffs were not all "strip searched" under the usual definition of the term,[5] and that their testimony establishes that there was no "pattern" of strip searches at Central Booking.

Defendants' argument essentially asks me to decide the merits of plaintiffs' claims, which is not appropriate at this stage.  *See Eisen*, 417 U.S. at 178.  Plaintiffs have clearly produced evidence sufficient to form the basis for an inference that a policy, practice, or custom existed with respect to strip searches at Central Booking similar to that which plaintiffs describe.  Although each of the searches at issue in this litigation may not fit the definition cited by defendants, that

---

[4]    Plaintiffs also argue that there is an indisputably large number of detainees who have been processed at Central Booking, and all have been subject to the allegedly deplorable conditions there; so, the numerosity requirement should be held satisfied on this ground.  However, plaintiffs' proposed class definition is not based on potential class members' detention at Central Booking; it is based on the allegedly unconstitutional strip searches performed there. The number of detainees who have passed through Central Booking has no bearing on the numerosity of plaintiffs' proposed class.

[5]    In common usage, a "strip search" involves the removal of all clothing and is usually accompanied by visual inspection of the body cavities. *See, e.g.*, *Weber v. Dell*, 804 F.2d 796, 799 (2d Cir. 1986).

- 7 -

may well be because a central policy was carried out in a variety
of different ways in different cases.  Moreover, all of the
searches complained of appear to implicate rights under the
Fourth and/or Fourteenth Amendments.  *See Poe v. Leonard*, 282
F.3d 123, 138-139 (2d Cir. 2002) ("[T]here is a right to privacy
in one's unclothed *or partially unclothed* body, regardless
whether that right is established through the auspices of the
Fourth Amendment or the Fourteenth Amendment." (emphasis added)).
Based on the named plaintiffs' experiences, which I accept as
true at this stage of the litigation, as well as their alleged
observations of others being searched at Central Booking, I
conclude that there exists sufficiently numerous class and that
joinder of class members would be impracticable.

  Commonality requires that class members' claims share a
common question of law or fact.  *Robinson v. Metro-North Commuter
R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001).  Whereas here
"injuries derive from a unitary course of conduct by a single
system," a district court is within its discretion in finding
commonality.  *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir.
1997).  Plaintiffs have alleged that defendants have a general
policy of performing strip searches of detainees at Central
Booking without regard to probable cause or reasonable
suspicion.[6]  Recovery by the class will depend on plaintiffs'

------

[6] As noted, although plaintiffs also raise claims for damages arising from
their detention under allegedly deplorable conditions at Central Booking, *see
supra* at 3-4, these claims are neither asserted as a basis for class-wide relief
nor implicated in the proposed class definition.  As such, they will not be
(continued...)

- 8 -

ability to prove this fact.   Courts in this Circuit have

previously held such an allegation to satisfy the commonality

requirement.   *See, e.g., Dodge v. County of Orange* 208 F.R.D. 79,

88-89 (S.D.N.Y. 2002) (finding commonality in a putative class

action challenging an alleged blanket strip-search policy);

*Maneely v. City of Newburgh*, 208 F.R.D. 69, 74-75 (S.D.N.Y. 2002)

(same).   Defendants' objections to commonality hinge on their

contention that plaintiffs have not proven that a strip-search

policy existed at Central Booking, as illustrated by varying

accounts of searches given by plaintiffs themselves.   While this

certainly may be relevant to plaintiffs' ability to prove their

class-wide claims, it is not an appropriate inquiry at this stage

of the litigation.   Defendants' argument that plaintiffs' claims

are not susceptible to class-wide proof because they are

dependent on an inquiry of the circumstances of each search

similarly ignores plaintiffs' allegation, which I accept as true

for purposes of this motion, that a policy existed at Central

Booking of strip searching misdemeanor detainees.   For these

reasons, I find that defendants have satisfied the commonality

requirement.

          "Typicality requires that the claims of the class

representatives be typical of those of the class, and is

satisfied when each class member's claim arises from the same

course of events, and each class member makes similar legal

------

6/      (...continued)
considered in disposing of the present motion or in the resolution of the class-
wide claims.

- 9 -

arguments to prove the defendant's liability." *Robinson*, 267
F.3d at 155 (internal quotation marks omitted).  The typicality
requirement "has been found to be satisfied when the claims of
the representatives and other class members are based on the same
legal or remedial theory and there are no antagonistic interests
between the two groups."  *In re Medical X-Ray Film Antitrust
Litigation*, at *3 (internal quotation marks omitted) (quoting *In
re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 324 (E.D.N.Y.
1982)).  Here, despite the differing circumstances of plaintiffs'
arrests, their class-wide claim rises and falls on their ability
to prove a policy of strip searches at Central Booking, in
violation of the legal requirements that a determination of
reasonable suspicion be made prior to such a search.  Defendants
argue that a finding of liability would require fact-specific
inquiries into the search of each defendant; however it is
defendants' alleged policy of indiscriminate strip searches, not
the alleged unconstitutionality of each individual search, that
is at issue in plaintiffs' claims.  Accordingly, I find
plaintiffs' claims typical of those of absent class members.

The final requirement of Rule 23(a) is adequacy of
representation.  This requirement consists of two elements:  (1)
the representative plaintiffs' attorneys must be qualified,
experienced, and generally able to conduct the litigation, and
(2) the plaintiffs' interests must not be antagonistic to those
of the remainder of the class.  *In re Drexel Burnham Lambert*

- 10 -

*Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  Defendants raise
objections on both these prongs.

First, defendants claim that plaintiffs lack the
credibility, character, and familiarity with the facts of the
case to adequately represent the class.  In determining whether a
plaintiff is an adequate class representative, "[t]he inquiry ...
into the representatives' personal qualities is not an
examination into their moral righteousness, but rather an inquiry
directed at improper or questionable conduct arising out of or
touching upon the very prosecution of the lawsuit."  *Jane B. by
Martin v. New York City Dep't of Soc. Servs.*, 117 F.R.D. 64, 71
(S.D.N.Y. 1987).  Since this action alleges claims on behalf of
misdemeanor arrestees, it cannot be expected that class members
or their representatives will be of spotless character.
Defendants' attempts to attack the credibility of the plaintiffs
based on, for example, their tax-filing practices, reading
skills, psychological disabilities, immigration status, and
criminal history are not character deficiencies "arising out of
or touching upon" the alleged strip-search policy at Central
Booking.  Defendants challenge plaintiffs Yvonne James and Angie
Melicio on grounds that they were initially charged with felonies
and may have been so charged at the time of their challenged
searches; however, they have not adduced evidence sufficient to
lay to rest as a matter of law plaintiffs' assertion that they
were charged with misdemeanors at that time.  Defendants'
objections to certain plaintiffs' alleged lack of understanding

- 11 -

of the present action and their role in it based on excerpts from
their deposition testimony are contradicted or otherwise undercut
by other portions of their depositions in which the same
plaintiffs evince at least a basic layman's understanding of the
nature of the harm they have allegedly suffered and a desire for
a remedy.  Defendant's argument that Anthony Micciulli did not
file a notice of claim and may, thus, be subject to a special
defense on his state law claims is without merit; this issue does
not "threaten to become the focus of litigation" in a way that
would make Micciulli an inadequate representative, particularly
given the viability of his § 1983 claim.  *See Gary Plastic
Packaging Corp. v. Merrill Lynch*, 903 F.2d 176 (2d Cir. 1990).
This is also true of Mohamed Habrout's rejection of a Rule 68
offer of judgment, raised by defendants as a basis for his
inadequacy as a class representative.  Finally, plaintiffs
concede that Alexander Timofeev and Federico Tenorio are not
adequate representatives, because they cannot be located.
Accordingly, they will not be certified as class
representatives.[2/]  I find the remaining proposed class
representatives to be adequate under Rule 23(a).

With respect to plaintiffs' counsel, defendants argue
that they have committed discovery violations, have potential
conflicts of interest, display unfamiliarity with and poor
management of the class action device, and have otherwise behaved

---

[2/]    The proposed consolidated complaint lists these two individuals as
plaintiffs, proceeding "individually" not on behalf of all others similarly
situated.

- 12 -

inappropriately in this litigation.  On May 20, 2002, Magistrate

Judge Pollak denied defendants' motion to disqualify plaintiffs'

counsel on grounds of an alleged conflict of interest; a motion

for reconsideration was denied on January 28, 2002, and Judge

Pollak's ruling was affirmed by this Court on August 20, 2003.

Robert Isseks is class counsel in two similar class actions

challenging alleged strip-search policies in the Southern

District of New York.  Defendants do not assert that plaintiffs'

counsel have been sanctioned or disciplined for any of their

allegedly improper or unethical conduct, and they have long

experience with this case and similar cases.  Accordingly, I find

them to be qualified to serve as class counsel for this action.

Based on the foregoing discussion, I find the

requirements of Rule 23(a) satisfied in this case.

### Rule 23(b) Criteria

Plaintiffs seek certification under Rule 23(b)(2) or,

alternatively, 23(b)(3).  The Second Circuit has recently

provided guidance on the maintainability criteria for putative

class actions that seek both damages and injunctive relief.

> [W]hen presented with a motion for (b)(2) class
> certification of a claim seeking both injunctive relief
> and non-incidental monetary damages, a district court
> must consider the evidence presented at a class
> certification hearing and the arguments of counsel, and
> then assess whether (b)(2) certification is appropriate
> in light of the relative importance of the remedies
> sought, given all of the facts and circumstances of the
> case. The district court may allow (b)(2) certification
> if it finds in its informed, sound judicial discretion
> that (1) the positive weight or value to the plaintiffs
> of the injunctive or declaratory relief sought is
> predominant even though compensatory or punitive

- 13 -

damages are also claimed, and (2) class treatment would
be efficient and manageable, thereby achieving an
appreciable measure of judicial economy.

Although the assessment of whether injunctive or
declaratory relief predominates will require an ad hoc
balancing that will vary from case to case, before
allowing (b)(2) certification a district court should,
at a minimum, satisfy itself of the following: (1) even
in the absence of a possible monetary recovery,
reasonable plaintiffs would bring the suit to obtain
the injunctive or declaratory relief sought; and (2)
the injunctive or declaratory relief sought would be
both reasonably necessary and appropriate were the
plaintiffs to succeed on the merits. Insignificant or
sham requests for injunctive relief should not provide
cover for (b)(2) certification of claims that are
brought essentially for monetary recovery.

*Robinson v. Metro-North Commuter RR. Co.*, 267 F.3d 147, 164 (2d

Cir. 2001). Plaintiffs have produced numerous sworn statements

to the effect that they are pursuing this litigation so injuries

such as those they allegedly suffered will not be inflicted on

others. However, they were apparently unaware that a substantial

portion of the injunctive relief they seek had already been

granted by another court and rather nonchalantly dropped their

request for such injunctive relief when made aware of that fact.

There is thus a suspicion that the request for injunctive relief

is merely an afterthought to plaintiffs' claims for damages.

However, considering the two factors set forth in *Robinson*, I

believe that a reasonable plaintiff would still bring this action

in the absence of any possible monetary recovery, particularly

given the invasiveness of the alleged injuries. Furthermore,

were plaintiffs to succeed on the merits — that is, were they to

prove that the alleged policy does exist at Central Booking —

- 14 -

the injunctive relief they request would be both appropriate and
necessary to prevent ongoing or repeated violation of the class'
(and any potential future detainees') rights.  Accordingly, I
find that analysis under Rule 23(b)(2) is appropriate.

"Rule 23(b)(2) does not require that all plaintiffs be
identically situated.  What is important is that the relief
sought by the named plaintiffs benefit the entire class."  *In re
Methyl Tertiary Butyl Ether ("MTBE") Products Liability
Litigation*, 209 F.R.D. 323, 342 (S.D.N.Y. 2002) (internal
quotation marks and citations omitted).  Plaintiffs allege that
defendants have a policy of strip searching misdemeanor arrestees
at Central Booking without regard to the reasonable suspicion
requirement.  Such a policy, if it existed, would be generally
applicable to the class, and the requested injunction prohibiting
strip searches, barring such searches absent reasonable
suspicion, would benefit the entire class.

Defendants object that the plaintiffs do not have
standing to seek such relief.  They cite in support of this
argument *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).
Defendants argue that plaintiffs cannot demonstrate that they are
likely to suffer the alleged injuries again in the future and,
thus, lack standing to seek injunctive relief.  *Lyons* is
distinguishable, however, because in the present case plaintiffs
allege that they as a class, rather than as individuals, are
likely to suffer future harm and because plaintiffs allege a
policy of performing searches without regard to reasonable

- 15 -

suspicion, rather than a grant of discretion to perform such searches.  *Cf., e.g., Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344-45 (2d Cir. 1998).  In such a case, plaintiffs have standing to seek injunctive relief.  *Id.*

Finally, in a general objection to certification, defendants argue that the proposed class definition as set forth in the moving papers is unworkable because it includes a requirement that class members must have been searched without reasonable suspicion.  In making a fact-sensitive element of the claim a prerequisite of class membership, defendants argue, the Court would be required to engage in inquiries on the merits of each potential class member's claim in order to determine their eligibility for inclusion in the class.  This argument is not without merit, but it is an artifact of plaintiffs' original class definition (i.e., placing the reference to the alleged illegal policy, practice, or custom in the class definition rather than as a separate factual allegation), not evidence that no class exists (as defendants argue).  Plaintiffs have modified their proposed class definition at oral argument to eliminate absence of reasonable suspicion as a prerequisite to class membership, *see supra* at 2.  Accordingly, this objection is now moot.

For the foregoing reasons, the following class is certified:  All persons who since 1998 (1) have been charged with misdemeanors or non-criminal offenses in Kings County; (2) were as a result detained at Brooklyn Central Booking; and (3) were

- 16 -

during the detention strip searched at Brooklyn Central Booking without regard for the existence of probable cause or reasonable suspicion.

As discussed at oral arguments on this motion, I have not considered plaintiffs' motion for a preliminary injunction. Insofar as the injunctive relief sought herein is sought on behalf of the class, not on behalf of the named plaintiffs, adjudication of the motion for class certification was a condition precedent to consideration of the motion for a preliminary injunction. As I advised the parties at oral arguments, plaintiffs may renew on notice their motion for a preliminary injunction on behalf of the plaintiff class.[2/]

CONCLUSION

For the foregoing reasons, leave to file the proposed consolidated complaint is granted on consent. Plaintiffs' motion for class certification is granted.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge.

SO ORDERED.

Dated :   Brooklyn, New York
          October  6 , 2003

_____
United States District Judge

---

[2/]   Accordingly, the motion for a preliminary injunction incorporated into plaintiffs' motion for class certification is denied without prejudice to its renewal.